IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUSFIVE CLAIMS, LLC, | ) Case No. 10-1561 SC |
| Plaintiff, | ) ORDER DENYING |
| v. | ) MOTION TO DISMISS |
| 0713401 B.C. Ltd., a foreign entity, and SHARRIE CUTSHALL, | ) |
| Defendants. | ) |

## I. INTRODUCTION

Before the Court is a Motion to Dismiss by Defendants 0713401 B.C. Ltd. ("Numbered Entity") and Sharrie Cutshall ("Cutshall") (collectively, "Defendants"). ECF No. 29 ("Mot."). Plaintiff PlusFive Claims, LLC ("Plaintiff") filed an Opposition, and Defendants filed a Reply. ECF Nos. 31 ("Opp'n"), 36 ("Reply"). For the following reasons, the Court DENIES Defendants' Motion.

## II. BACKGROUND

The following facts are largely drawn from Plaintiff's Complaint. ECF No. 1 ("Compl."). On June 7, 2006, involuntary bankruptcy proceedings commenced in the United States Bankruptcy Court for the Northern District of California against PlusFive Holdings, L.P. ("PlusFive Holdings"), a California limited

partnership. Id. ¶ 1. The court entered an order for relief under Chapter 7 of the Bankruptcy Code, and appointed Former Plaintiff Andrea Wirum ("Wirum") trustee in bankruptcy for PlusFive Holdings's estate. Id. ¶ 2. Defendant Cutshall was designated as PlusFive Holdings's "responsible individual" under Bankruptcy Local Rule 4002-1. Id. ¶ 4. Cutshall is a resident of British Columbia, Canada, and a former California resident. Id. Per British Columbia's corporate records, Cutshall is also the sole director and officer of Defendant Numbered Entity. Walraven Decl. Ex. C ("B.C. Corp. Rec.").[1]

As PlusFive Claims's bankruptcy trustee, Wirum commenced this action. The Complaint alleges that prior to the bankruptcy proceedings, PlusFive Holdings and Numbered Entity entered into two loan agreements under which PlusFive Holdings loaned Numbered Entity $1,404,110.81; the Complaint alleges that $854,110.81 of this amount remains unpaid. Compl. ¶¶ 10-16. Cutshall is also named as a defendant individually under an alter ego theory of liability. Id. ¶ 18. The Complaint alleges that real property owned by Numbered Entity serves as Cutshall's personal residence; that Cutshall exercises complete control over Numbered Entity; that there is a unity of interest and ownership between Numbered Entity and Cutshall; that Cutshall withdrew funds from Numbered Entity's bank accounts for her personal use; and that Numbered Entity is a "mere shell and sham without capital, assets, stock, or stockholders." Id. ¶¶ 17-20.

Three exhibits were filed with the Complaint. Exhibit A is a copy of a schedule of assets filed in the bankruptcy action by

---

[1] William Walraven ("Walraven"), counsel for Plaintiff, filed a declaration in opposition to Defendants' Motion. ECF No. 35.

2

1  Cutshall, as PlusFive Holdings's responsible person.  Id. Ex. A
2  ("Schedule B").  Plaintiff alleges that this document shows
3  Numbered Entity borrowed more than $1.4 million from PlusFive
4  Holdings.  Id.  Exhibit B is a declaration filed by Cutshall in the
5  bankruptcy proceedings affirming that the schedule of assets is
6  true and correct.  Id. Ex. B ("Nov. 6, 2006 Cutshall Decl.").
7  Exhibit C is another declaration by Cutshall filed in the
8  bankruptcy proceedings in which she affirms that PlusFive Holdings
9  entered into two loan agreements with the Numbered Entity.  Id. Ex.
10 C ("March 7, 2007 Cutshall Decl.").  In this declaration, Cutshall
11 also affirms that she had moved from Orinda, California, to British
12 Columbia, and that the promissory notes evidencing the loans to
13 Numbered Entity were missing.  Id.
14      On May 4, 2010, after the Complaint was filed, U.S. Bankruptcy
15 Judge Alan Jaroslovsky authorized Wirum to assign PlusFive
16 Holdings's claims against Defendants to Plaintiff.  Order
17 Authorizing Sale of Intangible Assets, No. 06-10307 (Bankr. N.D.
18 Cal. May 4, 2010), ECF No. 6-1.  On August 25, 2010, this Court
19 granted Wirum's motion to substitute PlusFive Claims as plaintiff.
20      In their current Motion, Defendants seek dismissal of the
21 action.  Defendants allege that the Court lacks personal
22 jurisdiction over Numbered Entity and Cutshall; that the action
23 should be dismissed under the doctrine of forum non conveniens; and
24 that Cutshall should be dismissed as a defendant under Federal Rule
25 of Civil Procedure 12(b)(6) because Plaintiff fails to sufficiently
26 plead an alter ego claim against her.  Mot. at 1.
27 ///
28 ///

### III. LEGAL STANDARD

#### A. Personal Jurisdiction

Where a court considers a motion to dismiss for lack of jurisdiction without an evidentiary hearing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted). Jurisdiction must comport with both the long-arm statute of the state in which the district court sits and the constitutional requirements of due process. Mattel, Inc., v. Greiner & Hausser GmbH, 354 F.3d 857, 863 (9th Cir. 2003). Under California's long-arm statute, Cal. Code Civ. Proc. § 410.10, courts may exercise jurisdiction to the extent permitted by the Due Process Clause of the Constitution. Panavision v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). The Due Process Clause allows federal courts to exercise jurisdiction where the defendant has had sufficient minimum contacts with the forum such that exercise of jurisdiction is reasonable. Id.

#### B. Forum Non Conveniens

"A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991).

#### C. Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of

4

1  sufficient facts alleged under a cognizable legal theory.
2  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
3  1990). Allegations of material fact are taken as true and
4  construed in the light most favorable to the nonmoving party.
5  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.
6  1996). "[T]he tenet that a court must accept as true all of the
7  allegations contained in a complaint is inapplicable to legal
8  conclusions. Threadbare recitals of the elements of a cause of
9  action, supported by mere conclusory statements, do not suffice."
10 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl.
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "When there are well-
12 pleaded factual allegations, a court should assume their veracity
13 and then determine whether they plausibly give rise to an
14 entitlement to relief." Iqbal, 129 S. Ct. at 1950. A motion to
15 dismiss should be granted if the plaintiff fails to proffer "enough
16 facts to . . . nudge[] their claims across the line from
17 conceivable to plausible." Twombly, 550 U.S. at 570.

**IV. DISCUSSION**

    **A. Plaintiff's Request for Judicial Notice**

Plaintiff requests that the Court take judicial notice of a number of documents. ECF No. 33 ("RJN"). Defendants object to this request. ECF No. 37 ("RJN Objs.")

Only three of the eight exhibits to which Plaintiff seeks judicial notice are cited to in Plaintiff's Opposition. As to the five exhibits that are not cited, the Court denies Plaintiff's request. The Court rules on the other three below.

1    Exhibit 4 to the RJN is an order issued by the Bankruptcy
2  Court compelling Cutshall to turn over to Wirum the original
3  promissory notes evidencing the PlusFive Holdings/Numbered Entity
4  loans.  RJN Ex. 4 ("Feb. 23, 2007 Order").  Exhibit 5 to the RJN is
5  a contempt order issued against Sharrie Cutshall for failing to
6  comply with this order.  RJN Ex. 5 ("June 13, 2007 Order").
7  Plaintiff argues that these orders show Defendants have minimum
8  contacts with the forum state, and that California has an interest
9  in trying this action.  Opp'n at 3.
10   Exhibit 8 is a complaint filed in the Northern District of
11 California by Kathleen Mary Jones against Sharrie Cutshall, Richard
12 Cutshall, and LVR Holdings, L.C.  RJN Ex. 8 ("Jones Compl.")
13 Plaintiff argues that it is evidence that Cutshall and her husband,
14 Richard, have a long history of using insolvent shell entities to
15 evade individual liability.  Opp'n at 3.
16   A court may take judicial notice of a fact that is not subject
17 to reasonable dispute if generally known within the territorial
18 jurisdiction of the trial court or capable of accurate and ready
19 determination through reliable and accurate sources.  Fed. R. Evid.
20 201.  Because the existence of the bankruptcy court's orders and
21 the Jones Complaint are not subject to reasonable dispute, the
22 Court takes judicial notice of these documents.  The Court does
23 not, however, take judicial notice of the factual allegations made
24 in the Jones Complaint.
25   **B.   Personal Jurisdiction**
26   Plaintiff argues that this Court may exercise personal
27 jurisdiction over Defendants without violating the Due Process
28 Clause of the United States Constitution.  Opp'n at 2-3.  The Ninth

6

Circuit provides a three-part test to determine if jurisdiction comports with due process:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

Panavision, 141 F.3d at 1320 (citation and quotation marks omitted). The plaintiff has the burden of proving the first two elements; the defendant has the burden of disproving the third. Id.

In order to satisfy the first prong of the test, the defendant must have either purposefully availed itself of the privilege of conducting business activities within the forum or purposefully directed activities toward the forum. Id. Plaintiff alleges that Defendants purposefully availed themselves of the privilege of conducting activities in California by entering into two loan agreements with PlusFive Holdings, a California limited partnership. Opp'n at 3. Plaintiff also alleges that Cutshall "has extensive contacts with California, as she lived here for many years and accumulated not less than 13 judgments or liens entered against her in this state." Id.[2]

Defendants cite Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985), for the proposition that "the mere fact that a company

---

[2] As support for this allegation, Plaintiff cites the results of a Lexis public records search for judgments and liens entered against Cutshall. Walraven Decl. Ex. 1. Defendants object to this exhibit, arguing that Plaintiff has failed to properly authenticate these search results. RJN Objs. at 1-2. The Court OVERRULES this objection.

entered into a contract with a forum corporation is insufficient to establish personal jurisdiction." Reply at 2. While this statement of law is correct, it is unavailing to Defendants. Even a single act by a defendant can support jurisdiction if it creates a "substantial connection" with the forum. Burger King, 471 U.S. at 478; Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008). Numbered Entity allegedly borrowed more than $1.4 million from PlusFive Holdings. When it did so, it purposefully availed itself of the laws of California. Furthermore, the current action arises directly out of this forum contact, as it stems from the alleged nonpayment of the loan. As such, Defendants could reasonably foresee being haled into court in California for failure to repay this loan. Thus, the Court finds that the single act of borrowing a large sum of money from a California entity creates a substantial connection between Defendants and the forum state.

Defendants argue that there is no showing of purposeful availment because "Defendants did not engage in any dealings with the Plaintiff." Reply at 2. Defendants make numerous references to the fact that Plaintiff was not a party to the loan agreement, but is rather a purchaser of Numbered Entity's repayment obligation. This argument is flawed and unsupported by the law. The fact that Numbered Entity's obligation was purchased by Plaintiff during PlusFive Holding's bankruptcy proceedings does not somehow frustrate the Court's exercise of personal jurisdiction.

Defendants also allege, without providing factual support, that these loan agreements were negotiated in British Columbia, and the loans were used to purchase a house in British Columbia.

Cutshall Decl. ¶¶ 2-3.[3] This Court is under no obligation to accept as fact factual allegations made in a declaration filed in support of a motion to dismiss; even if it was, the fact that the loans were negotiated in British Columbia would not frustrate the jurisdiction of this Court over the matter.

Defendants additionally argue that exercise of jurisdiction over Defendants would be unreasonable. In determining the reasonableness of an exercise of jurisdiction, the Court considers:

> the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum . . . . No one factor is dispositive.

Panavision, 141 F.3d at 1323.

Defendants first allege that they have not "purposefully injected themselves into California." Mot. at 7. As is made clear above, the Court has found otherwise. Defendants argue that the burden of defending the action would be high, but provide no support for this conclusory statement other than reference to their Canadian citizenship. The Ninth Circuit has found exercise over foreign defendants to be reasonable when harm is caused in the forum state and when the defendants frequently visit the United States and are familiar with its legal system. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1116 (9th Cir. 2002). Plaintiff alleges that Defendants frequently visit the United States and are familiar

---

[3] Cutshall filed a declaration in support of Defendants' Motion. ECF No. 30.

9

with its laws, as Cutshall is a former California resident and has participated in numerous judicial proceedings within the state. Defendants argue that the third factor -- conflict with foreign interests -- weighs against the reasonableness of jurisdiction, because of their Canadian citizenship. Mot. at 7. Defendants do not seriously dispute the other reasonableness factors. The Court finds that Defendants have failed to prove that exercise of jurisdiction over them would be unreasonable.

For these reasons, the Court finds that exercise of personal jurisdiction over Cutshall and Numbered Entity is fair and reasonable, and DENIES Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

### C. Forum Non Conveniens

Defendants face a heavy burden in their argument that this action should be dismissed under the doctrine of forum non conveniens, as the Ninth Circuit has stated that "while a U.S. citizen has no absolute right to sue in a U.S. court, great deference is due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd., 918 F.2d 1446, 1449 (9th Cir. 1990). Nonetheless, "[a] citizen's forum choice should not be given dispositive weight ...." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n.23 (1981). "[I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." Id.

There is no dispute as to the fact that an adequate alternate forum exists in British Columbia, Canada. At issue is whether the

public and private factors strongly favor dismissal.

Public factors considered by a court deciding a forum non conveniens motion include "court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar." Contact Lumber, 918 F.2d at 1452. Aside from reasserting the notion that California has no interest in this action, Defendants do not seriously argue that these factors favor dismissal.

"Private interest factors include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial." Id. at 1451. Defendants allege: "Evidence that will illuminate the liability issues is largely unavailable in the United States." Mot. at 9. Cutshall alleges that the promissory notes have been lost, and so the terms of the loan "can only be established by persons with knowledge of the negotiations and events occurring in British Columbia." Id.[4] The Court does not agree. As Plaintiff notes, the bankruptcy court found Cutshall in contempt for her failure to produce the promissory notes, and Cutshall has submitted sworn declarations in the bankruptcy proceedings in which she declared the notes would eventually be found. As such, it would be unfair to reward Defendants for the loss of the promissory notes by

---

[4] Defendants also argue that Plaintiff's action must fail because the loans are not yet due. Mot. at 1. Plaintiff argues that prior statements by Cutshall are inconsistent with Defendants' allegations that the loans are not yet due and the promissory notes are lost. See Opp'n. While Defendants' argument may be an appropriate basis for a motion for summary judgment, the Court will not dismiss the action at this stage based on Defendants' unsubstantiated allegations regarding the terms of the loan agreements.

11

dismissing this action. Furthermore, it is possible other documentary evidence could establish the terms of the loans. As to the need for witnesses, Defendants argue that they are "crucial" and reside in British Columbia. Id. But Defendants do not identify a single potential witness by name.

In light of the above, the Court finds that Defendants have fallen far below the threshold showing for the extraordinary remedy of dismissal under forum non conveniens. As such, the Court DENIES Defendants' Motion.

### D. Dismissal of Cutshall

Defendants dedicate one paragraph in their Motion to the argument that Cutshall should be dismissed because Plaintiff's alter ego claims against her are conclusory. Mot. at 10-11.

A complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action" supported by "mere conclusory statements." Iqbal, 129 S. Ct. at 1949. While portions of Plaintiff's Complaint appear conclusory (e.g., "Defendant Numbered Entity is . . . a mere shell, instrumentality through which Defendant Cutshall carried on her business"), the Complaint as a whole provides sufficient context to save them. To prove an alter ego claim, Plaintiff must show (1) a unity of interest and ownership between the entity and its owner such that the separate personalities of the corporation and shareholder do not in reality exist, and (2) an inequitable result if the corporate veil is not pierced. Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (Ct. App. 2000). Among the factors courts consider in determining whether a unity of interest and ownership exist are the comingling of funds between the individual and the entity;

12

individual use of the entity's assets or funds; inadequate capitalization; disregard of corporate formalities; lack of segregation of corporate records; and identical directors and officers. <u>Id.</u> Here, Plaintiff alleges in its Complaint that PlusFive Holdings -- an entity in which Cutshall served as a partner -- lent Numbered Entity -- a Canadian corporation owned and run by Cutshall -- $1.4 million, and that this money was used to purchase a house for Cutshall. <u>See</u> Compl. Plaintiff also alleges that Numbered Entity is insolvent. <u>Id.</u> By so doing, Plaintiff has adequately pleaded facts supporting both elements of its alter ego claim.

**V. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants 0713401 B.C. Ltd. and Sharrie Cutshall's Motion to Dismiss. A Status Conference is scheduled for April 15, 2011, at 10:00 a.m. in Courtroom 1, Seventeenth Floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102. Parties shall file an amended joint Case Management Statement by April 8, 2011.

IT IS SO ORDERED.

Dated: March 14, 2011

UNITED STATES DISTRICT JUDGE

13