IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUSFIVE CLAIMS, LLC, | ) Case No. 10-1561-SC |
| Plaintiff, | ) |
| | ) ORDER STAYING CASE PURSUANT |
| v. | ) TO SECOND FILING OF |
| | ) BANKRUPTCY PETITION AND |
| 0713401 B.C. LTD, a foreign entity, SHARRIE CUTSHALL, an individual, | ) <u>SETTING HEARING DATE</u> |
| Defendants. | ) |

For the second time in a row, Defendant Sharrie Cutshall has filed for personal bankruptcy mere hours before a scheduled trial. The first time was on September 17, 2012. Trial was set for 10:00 a.m. in San Francisco, but Ms. Cutshall in Salt Lake City, Utah, filing a Chapter 7 bankruptcy petition in the United States Bankruptcy Court there. ECF No. 91 at 3 (notice of Sept. 17, 2012 bankruptcy case filing). She informed this Court informally by letter. ECF No. 91.

In the weeks before Ms. Cutshall first filed for bankruptcy, she had repeatedly been advised by the Court and by her former counsel[1] that she was facing a default if she failed to appear for

---

[1] The Court allowed counsel for Ms. Cutshall and the Numbered Entity to withdraw. <u>See</u> ECF Nos. 66 (motion to withdraw), 70 (granting motion to withdraw).

trial, and that her co-defendant 0713401 B.C. LTD (the "Numbered Entity"), which is alleged to be Ms. Cutshall's corporate alter-ego, was also facing default if it failed to appear through counsel. See ECF No. 86 (warning Ms. Cutshall and recounting previous warnings received by her). When the Court received notice of Ms. Cutshall's September 17 bankruptcy petition, the Court observed the automatic bankruptcy stay as to Ms. Cutshall and, additionally, exercised its discretion to stay the case against the Numbered Entity. ECF No. 93. The Court set a further status conference for March 2013. Id.

On October 19, 2012, the bankruptcy court dismissed Ms. Cutshall's bankruptcy petition for failure to comply with 11 U.S.C. § 109(h), which required Ms. Cutshall to undertake budget and credit counseling before filing a bankruptcy petition. On October 24, 2012, Plaintiff PlusFive Claims, LLC ("Plaintiff") moved to reset the case for trial on the ground that, since the bankruptcy case was dismissed, the automatic bankruptcy stay was lifted. ECF No. 94 (motion to reset) Ex. A (order dismissing bankruptcy case).

On October 30, 2012, the Court set trial for November 15, 2012. ECF No. 97. The notice sent to Ms. Cutshall warned her once more that her failure to appear would result in her default. Id.

On November 14, 2012, the day before the rescheduled trial, Ms. Cutshall again filed for bankruptcy. She notified the Court informally via email. The Court notes that, because Ms. Cutshall's current bankruptcy petition is the second she has filed in under a year, the automatic bankruptcy stay lasts only 30 days. See 11 U.S.C. § 362(c)(3)(A); see also id. § 362(c)(4)(A) (third bankruptcy petition will not result in a stay).

1     On November 15, 2012, the Court held the scheduled trial as to
2 the Numbered Entity.  No one appeared on the Numbered Entity's
3 behalf, so the Court entered its default.  The Court also granted
4 Plaintiff's counsel's oral motion to continue this matter to
5 December 17, 2012, the day after the 30-day bankruptcy stay
6 concludes.  ECF No. 100.

7     Later on November 15, Ms. Cutshall sent an email to the Court
8 with two "requests."  In light of Ms. Cutshall's pro se status, the
9 Court construes her letter liberally and overlooks, on this
10 occasion only, Ms. Cutshall's failure to comply with the Court's
11 Civil Local Rules for motions.[2]  The Court construes Ms. Cutshall's
12 letter to contain two motions.

13     First, Ms. Cutshall requests authorization to e-file her
14 documents through the Court's electronic case filing system (ECF).
15 Her request is hereby GRANTED.  Ms. Cutshall shall register as an
16 electronic filer and all of her future filings shall be made
17 through ECF.  Ms. Cutshall is also ORDERED to file via ECF digital
18 copies of all of the emails and letters she sent to the Court on
19 November 14 and 15, 2012.  Ms. Cutshall shall complete this task no
20 later than 12:00 p.m. Pacific Standard Time on November 30, 2012.
21 The reason for this order is simple: this case is, like every
22 lawsuit, a matter of public record.  Both Plaintiff and the public
23 have a right to know what Ms. Cutshall says to the Court, just as
24 Ms. Cutshall has a right to know what Plaintiff says to the Court.
25 Ms. Cutshall shall DESIST from further ex parte communication with

---

[2] This Court's Civil Local Rules are available for free online at http://cand.uscourts.gov/localrules/civil.  The Court also repeats its earlier suggestion that Ms. Cutshall contact the Court's Pro Se Help Desk for assistance with preparing her papers.

3

the Court.  Put plainly, that means if Ms. Cutshall wants to ask the Court for something, she must file a motion through ECF.  The Court will disregard and ignore any further communication from Ms. Cutshall unless it is filed in this case's docket through ECF.

    Second, Ms. Cutshall informs the Court that she "absolutely cannot be in California" during the week of December 17.  The Court construes this statement as a motion to continue this matter to a different date.  However, because Ms. Cutshall neither explains nor supports her statement of unavailability, nor suggests a date when she will be available, the Court DENIES the motion.

    The Court hereby CONTINUES this matter until December 17, 2012.  On that day, at 10:00 a.m., in Courtroom One, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, the Court shall hold (1) a prove-up hearing as to the Numbered Entity and (2) a status conference as to Ms. Cutshall.  This hearing date is inflexible and motions for continuance shall be disfavored.  If Ms. Cutshall fails to appear, the Court will enter her default in the above-captioned case, Case No. CV-10-1561-SC.

    IT IS SO ORDERED.

Dated: November 16, 2012

UNITED STATES DISTRICT JUDGE