IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUSFIVE CLAIMS, LLC, | ) Case No. 10-cv-1561-SC |
| Plaintiff, | ) ORDER RE: ENTRY OF DEFAULT |
| v. | ) AND ORDER TO SHOW CAUSE |
| 0713401 B.C. LTD, a foreign entity, SHARRIE CUTSHALL, an individual, | ) |
| Defendants. | ) |

## I. INTRODUCTION

For the reasons set forth below, the Court enters the default of Defendant Sharrie Cutshall in the above-captioned matter. The Court will separately enter judgment, jointly and severally, against Ms. Cutshall and her co-defendant 0713401 B.C. LTD (the "Numbered Entity") (collectively, "Defendants") in the amount of $854,110.81, plus prejudgment interest, pending Plaintiff's submission of a calculation of the prejudgment interest. As to the pending Order to Show Cause why sanctions should not be imposed against Ms. Cutshall for her failure to comply with the Court's orders concerning ex parte communications, the Court declines to impose sanctions at this time.

///

## II. BACKGROUND

This case is an action to recover money allegedly owed to a Chapter 7 bankruptcy trustee by Defendants. ECF No. 1 ("Compl.").[1] The Numbered Entity is alleged to be Ms. Cutshall's corporate alter ego. Id. ¶¶ 18-21. The Complaint seeks $854,110.81, prejudgment interest, and costs, and seeks to make Defendants jointly and severally liable. Id. at 3.

Defendants, acting through counsel, moved to dismiss the Complaint on January 14, 2011. ECF No. 29. On March 14, 2011, the Court denied the motion. ECF No. 40 ("Order Denying MTD"). On March 29, 2011, both Defendants answered the Complaint. ECF Nos. 41, 42.

On May 25, 2012, the Court permitted counsel for Defendants to withdraw after they presented credible evidence that Ms. Cutshall had ceased to pay them or maintain contact with them. ECF No. 70. At the Court's behest, former defense counsel notified Ms. Cutshall multiple times that her failure to appear or defend in the action would result in her default; that she faced an alter ego allegation; and that, while she could appear pro se, the Numbered Entity could not and thus required representation by counsel to avoid default. See ECF No. 86 ("Sept. 7 Order"). On May 25, the Court also set the case for trial. ECF No. 71. The Court set the pretrial conference for September 7, 2012 and trial for September 17, 2012. Id.

---

[1] The bankruptcy trustee was Andrea A. Wirum, for the estate of PlusFive Holdings, L.P. The trustee assigned the estate's interest to Plaintiff PlusFive Claims, LLC, pursuant to an Order of the United States Bankruptcy Court entered May 4, 2010. ECF No. 6 ("RJN") Ex. 1. On August 25, 2010, this Court substituted PlusFive Claims, LLC as Plaintiff in place of the bankruptcy trustee. ECF No. 13.

2

On September 7, 2012, the Court held the pretrial conference. Neither Ms. Cutshall nor counsel for either Defendant appeared. Sept. 7 Order at 2. The Court ordered former defense counsel to advise Ms. Cutshall once more that her failure to appear for trial or the Numbered Entity's failure to appear for trial through counsel would result in their default. Id. at 2-3.

On the morning of September 17, 2012, mere hours before trial was scheduled to begin before this Court in San Francisco, Ms. Cutshall filed for Chapter 7 bankruptcy in Salt Lake City, Utah. Ms. Cutshall informed the Court of this development by a letter filed in the Court's electronic case filing system ("ECF"). ECF No. 91. The Court stayed the instant action as to Ms. Cutshall pursuant to 11 U.S.C. § 362(a) and also exercised its discretion to stay the case as to the Numbered Entity. ECF No. 93. The Court set a status conference for March 2013. Id.

On October 24, 2012, however, Plaintiff notified the Court that Ms. Cutshall's bankruptcy case had been dismissed due to Ms. Cutshall's failure to comply with the pre-filing requirements of 11 U.S.C. § 109(h). ECF No. 94. The Court lifted the stay as to both Defendants and set trial for November 15, 2012 and reminding Ms. Cutshall once more that her failure to appear would result in her default. See ECF No. 97.

On November 14, 2012, the day before the rescheduled trial, Ms. Cutshall again filed for Chapter 7 bankruptcy in Utah, and again informed the Court informally and ex parte by email. Nov. 16 Order at 2. The Court stayed the case as to Ms. Cutshall only, and for only thirty days, pursuant to 11 U.S.C. § 362(c)(3)(A). That statute provides for a stay of only thirty days when a person files

3

for bankruptcy for the second time in a twelve-month period, subject to a narrow exception not relevant here.

On November 15, 2012, the Court held trial as to the Numbered Entity. No one appeared on its behalf and its default was entered. Id. at 3. The Court set two matters for December 17, 2012 (the day the thirty-day bankruptcy stay was set to lift): (1) a prove-up hearing as to the Numbered Entity and (2) a status conference as to Ms. Cutshall. Id. at 4.

Later on November 15, Ms. Cutshall, again communicating ex parte, emailed the Court another letter. The Court construed Ms. Cutshall's letter to contain a motion to continue the December 17, 2012 hearing, and denied the motion. Id. The Court also ordered Ms. Cutshall to refrain from further ex parte communication with the Court and to file her previous ex parte letters in ECF by noon Pacific time on November 30, 2012. Id. at 3.

The November 30 deadline came and went without Ms. Cutshall filing anything. However, on December 7, 2012, Ms. Cutshall sent the Court yet another ex parte letter, in which she again sought a continuance of the December 17 hearing, purportedly because her son was about to leave on a two-year mission for the Church of Jesus Christ of Latter-Day Saints. In her letter, Ms. Cutshall explained to the Court that she did not wish to let Plaintiff's counsel know the reasons why she sought a continuance because the reasons were personal and private.[2] The Court again denied Ms. Cutshall's request for a continuance. The Court also construed her letter as

---

[2] The attorney who specially appeared on Ms. Cutshall's behalf at the December 17 hearing, as explained infra, mentioned Ms. Cutshall's reasons for seeking a continuance in open court, so the Court takes Ms. Cutshall to have waived her previous objections to making those reasons known.

4

a request for relief from the Court's order that she desist from ex parte communication, and denied that request as well. See Dec. 7 Order. Lastly, the Court ordered Ms. Cutshall to show cause why she should not be sanctioned for her continued failure to comply with the Court's orders regarding ex parte communication and advised her that the sanction could include a fine. Id. The Court set the OSC hearing for December 17, the same time as the prove-up hearing and status conference. Id. at 3.

On December 17, 2012, the Court conducted: (1) the prove-up hearing on damages as to the Numbered Entity; (2) the status conference as to Ms. Cutshall; and (3) the OSC hearing. An attorney appeared at the hearing on behalf of Ms. Cutshall. The attorney represented that Ms. Cutshall had retained her for the day of December 17 only, and solely for the limited purposes of (1) explaining Ms. Cutshall's reasons for seeking a continuance of the December 17 hearing and (2) representing Ms. Cutshall for the OSC hearing.

**III. DISCUSSION**

Federal Rule of Civil Procedure authorizes entry of default against a party who "has failed to plead or otherwise defend" when "that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a) (emphases added). Here, although Ms. Cutshall has filed an answer to the Complaint, she has failed to "otherwise defend," as shown by her repeated failures to appear, either in person or through counsel authorized to represent her on the merits of her case (as opposed to the purely collateral matters in which the attorney retained for December 17 represented her). Accordingly,

5

the Court ORDERS the Clerk to enter the default of Defendant Sharrie Cutshall.

Further, since default has been entered against both Defendants, the Court deems Ms. Cutshall to have admitted the Complaint's allegations, including the allegations that the Numbered Entity is Ms. Cutshall's corporate alter ego. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). As the Court recited in its Order denying Defendants' motion to dismiss:

> The Complaint alleges that prior to the bankruptcy proceedings, PlusFive Holdings and Numbered Entity entered into two loan agreements under which PlusFive Holdings loaned Numbered Entity $1,404,110.81; the Complaint alleges that $854,110.81 of this amount remains unpaid. Compl. ¶¶ 10-16. Cutshall is also named as a defendant individually under an alter ego theory of liability. Id. ¶ 18. The Complaint alleges that real property owned by Numbered Entity serves as Cutshall's personal residence; that Cutshall exercises complete control over Numbered Entity; that there is a unity of interest and ownership between Numbered Entity and Cutshall; that Cutshall withdrew funds from Numbered Entity's bank accounts for her personal use; and that Numbered Entity is a "mere shell and sham without capital, assets, stock, or stockholders." Id. ¶¶ 17-20.

Order Denying MTD at 2.

The Court construes Plaintiff's appearance at the December 17 hearing as Plaintiff's application for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court GRANTS the application and will separately enter default judgment against both

6

Defendants.[3]  The Court received documentary evidence at the December 17 hearing as to the amount of damages.  The Court determines that the evidence justifies the Complaint's request for $854,110.81, plus prejudgment interest.  The Court will enter a money judgment against Defendants, jointly and severally, after receiving and reviewing Plaintiff's calculation of prejudgment interest.

As to the pending OSC regarding sanctions, the Court declines to impose a sanction on Ms. Cutshall.  Though Ms. Cutshall sent counsel for the limited purpose of representing her at the OSC hearing, Ms. Cutshall is, in essence, an unrepresented party, a fact which the Court gives considerable weight.  Moreover, because the Court has entered Ms. Cutshall's default and this litigation is complete but for the entry of final judgment, any deterrent effect that sanctions might have is largely moot.  The Court also notes that Plaintiff's request that its counsel's attorney fees be

---

[3] In doing so, the Court is mindful of the Eitel factors.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In this case, the possibility of prejudice to Plaintiff if default judgment does not issue is high, given the difficulty Plaintiff has already experienced in prosecuting the case to the default stage, despite the absence of any substantive dispute.  Plaintiff's substantive claim has merit and the complaint is legally sufficient, as demonstrated by its already having survived a motion to dismiss.  The sum of money at stake in the action -- roughly $847,000 -- is high, but it is an amount amenable to documentary proof, and it represents only a fraction of the total indebtedness of Defendants to the original bankruptcy trustee, which exceeded $1.4 million.  See Compl. Exs. A-C.  There is no dispute as to the material facts of the case, which are established by admissions Ms. Cutshall made in the underlying bankruptcy proceeding.  As to the sixth Eitel factor, Defendants' default is due to neglect, but the neglect, for the reasons explained herein, is not excusable.  Lastly, the policy in favor of decisions on the merits does not overcome Plaintiff's and the judicial system's strong interest in speedy resolution of this case, which, despite the absence of any substantive dispute, has been drawn out beyond reason by Ms. Cutshall's dilatory tactics.

awarded as part of a sanction is not well-taken. As Plaintiff's counsel acknowledged at the hearing, the request seeks to obtain an attorney fee award that is otherwise unavailable due to the absence of a contract or statute that would entitle Plaintiff to such an award. Plaintiff's desire to recover its attorney fees is understandable, but the OSC dealt only with Ms. Cutshall's ex parte communications with the Court. The connection between those ex parte communications and Plaintiff's attorney fees, if any, is not substantial enough to warrant imposing Plaintiff's attorney fees as a sanction.

**IV.  CONCLUSION**

The Court ORDERS the Clerk to enter the default of Defendant Sharrie Cutshall. The Court shall separately enter default judgment against Ms. Cutshall and Defendant 0713401 B.C. LTD, jointly and severally, in the amount of $854,110.81, plus prejudgment interest in an amount to be ascertained. The Court declines to impose a sanction against Ms. Cutshall in connection with the Court's December 10, 2012 Order to Show Cause.

IT IS SO ORDERED.

Dated: December 17, 2012

UNITED STATES DISTRICT JUDGE

8